UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 13-50109 |
| | ) | Chapter 7 |
| MICHAEL HERMAN PARMLEY | ) | |
| SSN/ITIN xxx-xx-0904 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DEBRA LYNN PARMLEY | ) | |
| SSN/ITIN xxx-xx-4135 | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| FORREST C. ALLRED, TRUSTEE | ) | Adv. No. 13-5005 |
| | ) | |
| Plaintiff | ) | |
| -vs- | ) | DECISION RE:  TRUSTEE-PLAINTIFF'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| JOEL PARMLEY | ) | |
| | ) | |
| Defendant. | ) | |

The matter before the Court is Trustee-Plaintiff Forrest C. Allred's Motion for Summary Judgment. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Court enters these findings and conclusions pursuant to Fed.R.Bankr.P. 7052. For the reasons discussed below, the Court will grant the motion and avoid Debtor Michael Herman Parmley's pre-petition transfer of a vehicle to Defendant Joel Parmley.

I.

Michael Herman Parmley held title to a 1962 Chevrolet Corvette, VIN: 20867S106675. On February 24, 2013, he signed over the vehicle's title to his son, Joel Parmley, who delivered the executed title to the local county treasurer on March 25, 2013. The transfer notation on the title indicated it was a gift; no transfer-related taxes were paid. The state licensing authority issued a new title in Joel Parmley's name on April 8, 2013.

Michael Herman Parmley and his wife Debra Lynn Parmley ("Debtors") filed a

chapter 7 petition in bankruptcy on April 25, 2013. In their answer to question number 7 in their statement of financial affairs, Debtors did not list the transfer of the vehicle as a gift, but in their answer to question number 10, they did list it as a "transfer." Debtors said the transfer date was February 2013, but they failed to set forth the value of the transferred Corvette. Debtors, in their answer to question number 14 in their statement of financial affairs, acknowledged they still had possession of the Corvette but said it belonged to Joel Parmley.

Trustee Forrest C. Allred, who is administering Debtors' bankruptcy case, commenced an adversary proceeding against Joel Parmley ("Defendant"). In his amended complaint (doc. 12), Trustee Allred asked the Court to avoid Debtor Michael Parmley's transfer of the vehicle to Defendant, arguing the transfer was fraudulent under 11 U.S.C. § 548 or S.D.C.L. ch. 54-8A and 11 U.S.C. § 544 because Defendant had not paid Debtors the Corvette's value when Defendant received title to the vehicle and because Debtor Michael Parmley had indicated at the meeting of creditors he had transferred the vehicle to his son to keep it away from creditors.

Prior to the scheduled trial, the parties stipulated to several facts (doc. 36). In addition to several of those set forth above, Trustee Allred and Defendant agreed Debtors were insolvent at all times relevant to the adversary proceeding. The parties also stipulated Defendant was never a lienholder of record on the vehicle's title and Defendant and Debtors never had any written agreements pertaining to the vehicle.

Shortly before the scheduled trial, Trustee Allred filed a motion for summary judgment (doc. 37). He argued there were no facts in dispute and, as a matter of law, he was entitled to a judgment avoiding the transfer of the vehicle under § 548(a) as either an actual fraudulent transfer or a constructively fraudulent transfer.

Defendant timely responded to the motion (doc. 43). As he consistently stated in many of his responses filed in this adversary proceeding, Defendant stated his father had verbally transferred the vehicle to him many years earlier, when his father was not in debt, in exchange for Defendant's helping his father with "many projects."

Defendant said the title transfer was made in early 2013 to fulfill that earlier oral promise. Defendant also stated his parents did not know they would be filing bankruptcy when his father transferred the Corvette to him. Defendant also stated his father was confused by some of Trustee Allred's questions at the meeting of creditors and so his answers may not have accurately reflected the actual circumstances. Finally, Defendant said a clerk in the county treasurer's office told him to identify the transfer as a gift.

The Court took the matter under advisement.

II.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a). An issue of material fact is *genuine* if it has a real basis in the record. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quotes therein). A genuine issue of fact is *material* if it might affect the outcome of the case. *Id.* (quotes therein).

The matter must be viewed in the light most favorable to the party opposing the motion. *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997). Where motive and intent are at issue, disposition of the matter by summary judgment may be more difficult. *Cf. Amerinet, Inc. v. Xerox Corp.,* 972 F.2d 1483, 1490 (8th Cir. 1992) (citation omitted).

The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out that part of the record that bears out his assertion. *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (quoting therein *City of Mt. Pleasant, Iowa v. Associated Electric Coop., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988)). No defense to an insufficient showing is required. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (citation therein); *Handeen*, 112 F.3d at 1346.

If the movant meets his burden, however, the nonmovant, to defeat the motion, "must advance specific facts to create a genuine issue of material fact for trial." *Bell*,

106 F.3d at 263 (quoting *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202, 1211 (8th Cir. 1995)).  The nonmovant must do more than show there is some metaphysical doubt; he must show he will be able to put on admissible evidence at trial proving his allegations.  *Bell*, 106 F.3d at 263 (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d 734, 737 (8th Cir. 1995)).

Section 548(a) of the Bankruptcy Code allows a trustee to avoid transfers infected by either actual fraud or constructive fraud.  *BFP v. Resolution Trust Corp.*, 114 S.Ct. 1757, 1760 (1994).  The trustee must show each element of an avoidable transfer by a preponderance of the evidence.  *Brown v. Third National Bank* (*In re Sherman*), 67 F.3d 1348, 1353 (8th Cir. 1995).  If the trustee establishes a confluence of several badges of fraud, he is entitled to a presumption of actual fraudulent intent and the burden shifts to the transferee to prove some legitimate supervening purpose for the transfer.  *Kelly v. Armstrong*, 141 F.3d 799, 802-03 (8th Cir. 1998).  For a transfer to be avoided for either actual fraud under § 548(a)(1)(A) or constructive fraud under § 548(a)(1)(B), the transfer at issue must have been made within two years before the filing of the debtor's petition.

*Actual fraud.*  Under § 548(a)(1)(A), a trustee may avoid a transfer if the debtor made the transfer with actual intent to hinder, delay, or defraud present or future creditors.  Because fraud can rarely be established by direct evidence, fraudulent intent may be inferred from the circumstances surrounding the transfer.  *Sherman*, 67 F.3d at 1353. To determine whether circumstantial evidence establishes fraudulent intent, courts consider whether any "badges of fraud" are present.[1]  *Id*.

---

[1] The badges of fraud to consider include whether:

(1)   the transfer was to an insider;

(2)   the debtor retained possession or control of the property after the transfer;

> The presence of a single badge of fraud is not sufficient to establish actual fraudulent intent; however, "the confluence of several can constitute conclusive evidence of an actual intent to defraud, absent 'significantly clear' evidence of a legitimate supervening purpose."

*Id*. at 1354 (quoting *Max Sugarman Funeral Home, Inc. v. A.D.B. Investors*, 926 F.2d 1248, 1254-55 (1st Cir. 1991) (quote therein omitted)).

*Constructive fraud.* Under § 548(a)(1)(B), a trustee may avoid a transfer if the transfer was for less than a reasonably equivalent value, and the debtor was insolvent at the time of the transfer or the debtor intended to or believed he would incur debts beyond his ability to pay. *Meeks v. Don Howard Charitable Remainder Trust* (*In re Southern Health Care of Arkansas, Inc*.), 309 B.R. 314, 318 (B.A.P. 8th Cir. 2004).

---

(3)     the transfer was concealed;

(4)     before the transfer was made, the debtor had been sued or threatened with suit;

(5)     the transfer was of substantially all the debtor's assets;

(6)     the debtor absconded;

(7)     the debtor removed or concealed assets;

(8)     the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred;

(9)     the debtor was insolvent or became insolvent shortly after the transfer was made;

(10)    the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11)    the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

*Sherman,* 67 F.3d at 1354 (utilizing applicable state's common law badges of fraud).

Value is defined as "property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor[.]"  11 U.S.C. § 548(d)(2)(A).  Whether the debtor received "reasonably equivalent value" for the transfer is a question of fact.  *Jacoway v. Anderson* (*In re Ozark Restaurant Equip. Co.*), 850 F.2d 342, 344 (8th Cir. 1988).  It is answered by determining whether the debtor received "value that is substantially comparable to the worth of the transferred property[.]"  *BFP,* 114 S.Ct. at 1767.  Further,

> [w]hen evaluating a transfer for reasonable equivalency of value as compared to a money payment, a court must examine the whole transaction and measure all the benefits—whether they be direct or indirect. *Christians v. Crystal Evangelical Free Church* (*In re Young*), 82 F.3d 1407, 1415 (8th Cir. 1996) (holding that the trustee could not recover tithes to a church under 11 U.S.C. § 548), *vacated*, 521 U.S. 1114, 117 S.Ct. 2502, 138 L.Ed.2d 1007 (1997) (vacating for further consideration on the legitimacy of the Religious Freedom Restoration Act), *reinstated*, 141 F.3d 854 (8th Cir. 1998), *cert. denied*, 525 U.S. 811, 119 S.Ct. 43, 142 L.Ed.2d 34 (1998).  If the measure for reasonable equivalency is the value of an indirect benefit then that benefit must be tangible. *Richards & Conover Steel, Co.*, 267 B.R. at 612-13. Transfers made by a debtor for the benefit of a third party, by themselves, do not provide any reasonable equivalent benefit for the debtor. *Dietz v. St. Edward's Catholic Church* (*In re Bargfrede*), 117 F.3d 1078, 1080 (8th Cir. 1997) (holding that the receipt of an indirect, non-economic, intangible, psychological benefit was not sufficient to constitute reasonable equivalent value).

*Southern Health Care of Arkansas*, 309 B.R. at 319-20.  In other words, chimerical benefits will not prevent a transfer from being avoided under § 548(a)(1)(B).  *Id*. at 320.  A tangible, direct, and economic benefit to the debtor must be demonstrated on the record.  *Id.*  Indirect, non-economic benefits in the form of a release of a possible burden on a family relationship or other intangible, psychological benefits do not constitute reasonably equivalent value.  *Bargfrede*, 117 F.3d at 1080 (cites therein).

III.

Because intent would be at issue in any determination of actual fraud, the Court declines to grant Trustee Allred's motion for summary judgment under § 548(a)(1)(A). When constructive fraud under § 548(a)(1)(B) is considered, however, it is clear Trustee Allred is entitled to summary judgment.

As noted above, for a transfer to be avoided for constructive fraud, the record must show Debtor Michael Parmley transferred the Corvette to Defendant for less than its reasonably equivalent value and Debtors were insolvent at the time of the transfer. Defendant stipulated Debtors were insolvent when the transfer was made. Further, when Debtor Michael Parmley and Defendant completed the transfer form for the county and state officials, the Parmleys indicated the transfer was a gift–no consideration was disclosed. As this Court has previously held, Defendant cannot assert a different scenario now than when the title was transferred. *Pierce v. Gjere* (*In re Datoon*), Bankr. No. 09-40190, Adv. No. 09-4018, 2010 WL 698241, at *4 (Bankr. D.S.D. Feb. 24, 2010). Further, Defendant has not set forth the evidence he has to establish the specific services he rendered over the years in assistance to his father and the value of those services as compared to the value of the vehicle. Accordingly, Defendant has not offered any support for his contention that the vehicle was transferred for reasonable consideration.[2]

Finally, regardless of the date of any earlier promise to transfer Debtor Michael Parmley may have made, the actual transfer of the vehicle to Defendant occurred on April 8, 2013, when the state issued a new title in Defendant's name. S.D.C.L.

---

[2] In his amended complaint, Trustee Allred alternatively sought avoidance of the vehicle's transfer under 11 U.S.C. § 547, which governs preferential transfers. He did not raise that code provision in his motion for summary judgment. Therefore, the Court does not discuss it herein.

§ 32-3-10.[3]   South Dakota's vehicle title statutes are "clear, certain, and unambiguous." *Datoon*, 2010 WL 698241, at *4.  Under them "[l]egal ownership of a vehicle does not pass unless title to the vehicle is issued in the owner's name." *Schroeder v. Herbert C. Coe Trust,* 437 N.W.2d 178, 184 (S.D. 1989), *quoted in Datoon*, 2010 WL 698241, at *4.  Thus, the transfer falls within the two-year window of § 548(a)(1).

Summary judgment will be entered for Trustee Allred.  The transfer of the vehicle from Debtor Michael Parmley to Defendant will be avoided, and Defendant will be required to surrender the vehicle, its title, and its keys to Trustee Allred.

Dated:  December 16, 2013.

BY THE COURT:

*[signature]*

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

---

[3] S.D.C.L. § 32-3-10 provides:

> No person, except as provided in this chapter, obtaining or acquiring possession of a motor vehicle . . . acquires any right, title, claim, or interest in or to the motor vehicle . . . until he has been issued a certificate of title to the motor vehicle. . . .